# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| BRIANNA LEIGH COVERDALE,<br><br>    Plaintiff,<br><br>v.<br><br>EQUIFAX INFORMATION SERVICES, LLC,<br><br>    Defendant. | Case No.:<br><br><br><br>**COMPLAINT AND JURY TRIAL DEMAND** |

Plaintiff Brianna Leigh Coverdale ("Plaintiff"), by and through the undersigned counsel, files this Complaint and alleges, based upon Plaintiff's personal knowledge, information and belief, and the investigation of counsel, as follows:

## INTRODUCTION

1.     This is an action to recover damages for violations of the Fair Credit Reporting Act, 15 U.S.C. §§ 1681, et. seq. ("FCRA").

## PARTIES

2.     Plaintiff is a natural person residing in Wilmington, Delaware, and is a "consumer" as that term is defined in 15 U.S.C. § 1681a(c).

3.     Defendant Equifax Information Services, LLC ("Defendant" or "Equifax") is a corporation with a principal place of business located at 1550

Peachtree Street, N.W., Atlanta, Georgia 30309, and is authorized to do business in the State of Georgia, including within this District. Equifax can be served through its registered agent, Corporation Service Company, at 2 Sun Court, Suite 400, Peachtree Corners, Georgia 30092.

4.    Equifax regularly assembles and/or evaluates consumer information for the purpose of furnishing consumer reports to third parties and uses interstate commerce to prepare and/or furnish the reports. Accordingly, Equifax is a "consumer reporting agency" as that term is defined by 15 U.S.C. § 1681a(f).

## JURISDICTION AND VENUE

5.    This Court has federal question jurisdiction over Plaintiff's FCRA claims pursuant to 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

6.    Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this District.

## FACTUAL ALLEGATIONS

7.    Plaintiff is a 24-year-old consumer who applies for credit from time to time for personal, family, and household purposes.

8.    At all relevant times, Equifax maintained a consumer file about Plaintiff.

9.     On or about January 15, 2026, Plaintiff received an email alert from Credit Karma advising her that new activity had been reported under her Equifax profile.

10.     The alert stated, in substance, "You were added as an authorized user. According to your Equifax credit report, someone recently added you as an authorized user on their account with CAPITAL ONE BANK USA NA."

11.     The alert further explained that accounts on which Plaintiff is an authorized user could affect Plaintiff's credit score and encouraged Plaintiff to confirm the details of the CAPITAL ONE BANK USA NA account.

12.     Upon receipt of the alert, Plaintiff became concerned and sought to understand how this new Capital One account was affecting her credit.

13.     Accordingly, on or about January 23, 2026, Plaintiff obtained and reviewed a copy of her Equifax consumer report.

14.     Plaintiff's review confirmed that a tradeline for a Capital One card that did not belong to her was reporting under her name and personal identifying information.

15.     Specifically, Defendant was reporting the following account which did not belong to Plaintiff:

> (a)     Capital One Bank USA N.A.
> Account Number: ending in *4864
> Account type: Revolving
> Loan type: Credit card

Balance: $493
Date Opened: November 24, 2025

(the "Account")

16. On information and belief, the Account was a credit card account belonging to Plaintiff's mother.

17. Further, the Account was being reported without any authorized user notation and as such, it appeared to be Plaintiff's obligation.

18. As a result, the Account artificially increased Plaintiff's reported revolving debt and utilization ratios and falsely suggested that Plaintiff was contractually obligated for a nearly maxed-out credit card.

19. Plaintiff is not the obligor or account holder on the Account.

20. Upon information and belief, Plaintiff is not even an authorized user of the Account.

21. In truth, the account does not belong to Plaintiff, and Plaintiff did not apply for, authorize, or consent to being added as an authorized user on the Account.

22. On information and belief, Plaintiff's mother had added Plaintiff's twin brother as an authorized user on the Account.

23. Although Plaintiff and her twin brother share the same date of birth, they have different names and different Social Security numbers.

24.    Notwithstanding this fact, the Account was erroneously attributed to Plaintiff, resulting in Plaintiff's mother's and brother's credit activity being inaccurately reported as Plaintiff's own.

25.    Plaintiff maintains two legitimate Capital One credit card accounts of her own – one ending in 6278 and one ending in 6097 – neither of which is the 4864 Account.

26.    On January 23, 2026, Plaintiff contacted Capital One to obtain clarification and to further investigate the issue.

27.    Plaintiff provided the Capital One representative with Plaintiff's phone number and Social Security number.

28.    The Capital One representative located and confirmed the details of Plaintiff's two legitimate Capital One accounts:  a Quicksilver Card ending in 6278, opened on November 24, 2025, with a balance of $270.11 and a $500 credit limit; and, a Platinum Card ending in 6097, opened on April 3, 2025, with a balance of $108.64 and a $200 credit limit.

29.    Plaintiff also specifically requested that the representative locate the credit card Account ending in 4864.

30.    However, the Capital One representative informed Plaintiff that no such account appeared in Capital One's system under Plaintiff's Social Security number or phone number.

31.     This information confirmed that Plaintiff was not associated with the Account in Capital One's records, further demonstrating that reporting the Account tradeline in Plaintiff's Equifax file and consumer reports was inaccurate.

32.     Plaintiff reasonably hoped that the call to Capital One had resolved the issue of the Account being reported on her Equifax consumer report.

33.     Out of an abundance of caution, on or about February 19, 2026, Plaintiff secured a new copy of her consumer report from Defendant.

34.     Upon reviewing the contents of the February 19, 2026 report, Plaintiff was dismayed to see that the Account still appeared on her Equifax consumer report.

35.     At all times pertinent hereto, Equifax had a duty to follow reasonable procedures to assure maximum possible accuracy of the information contained in Plaintiff's consumer reports.

36.     Equifax knew or should have known that the distinction between an authorized user account and a primary cardholder's account is a material fact in consumer credit reporting, because authorized users are not legally responsible for repayment of the account balance.

37.     Equifax knew or should have known that reporting an authorized user account as an individual liability account materially affects a consumer's credit profile and credit scores by inflating the consumer's apparent debt and utilization.

38.   Because Plaintiff is not the obligor on the Account, any consumer report Defendant prepares which indicates Plaintiff is financially obligated for the Account is inaccurate.

39.   Upon information and belief, Plaintiff is not even an authorized user of the Account, and as such the Account should not appear on Plaintiff's Equifax consumer report at all, even with an authorized user notation.

40.   Equifax knew or should have known that reporting an account that does not belong or pertain to a consumer on that consumer's consumer reports materially affects that consumer's credit profile and credit scores by inflating the consumer's apparent debt and utilization.

41.   Because the Account does not belong to Plaintiff, any consumer report Defendant prepares which contains the Account is inaccurate.

42.   On information and belief, Equifax has prepared inaccurate consumer reports containing the Account and has published those reports to third parties.

43.   On information and belief, the consumer reports Equifax prepared containing the Account did not include any authorized user notation on the Account.

44.   Thus, the consumer reports Equifax prepared which contain the Account inaccurately represent to third parties that Plaintiff is not only associated with the account, but that Plaintiff is also financially obligated for the account.

45. Defendant violated 15 U.S.C. § 1681e(b) by failing to follow reasonable procedures to assure maximum possible accuracy of the information in consumer reports Defendant prepared about Plaintiff.

46. Upon information and belief, Defendant continues to mix information pertaining to another consumer with Plaintiff's file and consumer reports.

47. Upon information and belief, Defendant continues to prepare consumer reports concerning Plaintiff which inaccurately contain the Account.

48. Upon information and belief, Defendant continues to prepare consumer reports concerning Plaintiff which inaccurately represent that Plaintiff is financially responsible for the Account.

49. At all times pertinent hereto, Defendant was acting by and through their agents, servants, and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the Defendant herein.

## DAMAGES
### Actual Damages

50. As a result of Equifax's actions and omissions, Plaintiff has suffered actual damages.

51. Equifax's inaccurate reporting of the Account depressed Plaintiff's credit scores by falsely inflating her reported revolving debt and utilization.

52.    Plaintiff has suffered emotional distress, including anxiety, frustration, embarrassment, and stress, as a result of Equifax inaccurately reporting her as responsible for another person's nearly maxed out credit card.

53.    Plaintiff has expended time, energy, and effort monitoring her credit and attempting to understand and address the inaccurate reporting.

**Statutory and Punitive Damages**

54.    At all times pertinent hereto, Defendant's conduct, as well as that of its respective agents, servants, and/or employees, was intentional, willful, reckless, grossly negligent and in utter disregard for federal law and the rights of Plaintiff herein.

55.    Defendant is aware of the shortcomings of its procedures and intentionally chooses not to comply with the FCRA to lower its costs.  Accordingly, Defendant's violations of the FCRA are willful.

56.    Pursuant to 15 U.S.C. § 1681e(b), Equifax is required to follow reasonable procedures to assure maximum possible accuracy of the information contained in Plaintiff's consumer reports.

57.    Despite this obligation, Equifax failed to follow reasonable procedures to assure the maximum possible accuracy of the information in Plaintiff's consumer reports by including the Capital One 4864 Account.

58. Equifax had the ability to establish and follow reasonable procedures to assure maximum possible accuracy of the information in Plaintiff's consumer reports but willfully failed to do so.

59. Nevertheless, Equifax prepared and furnished consumer reports to one or more third parties while those reports contained information that Equifax knew or had reasonable cause to believe was inaccurate, namely the Account that was misreported as Plaintiff's obligation.

60. As a result of Defendant Equifax's willful non-compliance with 15 U.S.C. § 1681e(b), Plaintiff is entitled to recover statutory damages of not less than $100 and not more than $1,000 per violation, punitive damages, costs of this action, and reasonable attorneys' fees, as provided by 15 U.S.C. § 1681n(a)(2).

## CLAIMS FOR RELIEF
### COUNT I
### 15 U.S.C. § 1681e(b)

61. Plaintiff re-alleges and incorporates by reference the allegations set forth in preceding paragraphs as if fully stated herein.

62. Pursuant to 15 U.S.C. § 1681e(b), Defendant is required to follow reasonable procedures to assure maximum possible accuracy of information whenever it prepares consumer reports about Plaintiff.

63. Despite this requirement, on at least one occasion, Defendant prepared patently false consumer reports concerning Plaintiff.

- 10 -

64. Defendant mixed another consumer's personal and credit account information into Plaintiff's credit file, thereby misrepresenting Plaintiff, and ultimately, Plaintiff's creditworthiness.

65. Defendant prepared inaccurate consumer reports concerning Plaintiff that included the Capital One 4864 Account misreported as Plaintiff's individual revolving account, without any indication that Plaintiff was an authorized user.

66. Further, as Plaintiff is not an authorized user of the Account, the Account should not be included in Plaintiff's consumer reports even with an authorized user notation.

67. Equifax violated 15 U.S.C. § 1681e(b) by failing to follow reasonable procedures to assure the maximum possible accuracy of information concerning Plaintiff in her consumer reports.

68. As a result of Equifax's conduct, actions, and inactions, Plaintiff has suffered actual damages as described herein.

69. As a result of Defendant's willful noncompliance with 15 U.S.C. § 1681e(b), Plaintiff is entitled to recover actual damages or statutory damages of not less than $100 and not more than $1,000 per violation, and punitive damages, as provided by 15 U.S.C. § 1681n(a).

70. Alternatively, Defendant was negligent, entitling Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

71.    Plaintiff is entitled to recover attorney's fees and costs of this action from Defendant pursuant to 15 U.S.C. § 1681n and/or § 1681o.

## DEMAND FOR JURY TRIAL

72.    Plaintiff is entitled to and hereby requests a trial by jury.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that the Court enter a judgment awarding Plaintiff actual damages, statutory damages, punitive damages, and reasonable attorneys' fees and costs and awarding Plaintiff such other and furth relief as the Court may deem appropriate and proper.


Dated: March 11, 2026

/s/ *Paul J. Sieg*
Paul J. Sieg, GA Bar #334182
CONSUMER ATTORNEYS, PLLC
2800 N Druid Hills Rd NE,
Building A, Suite D,
Atlanta, GA 30329
T: (470) 993-1886
E: pjsieg@consumerattorneys.com

*Attorneys for Plaintiff,*
*Brianna Leigh Coverdale*